```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
COREY JESSUP,

                    Plaintiff,
                                           MEMORANDUM AND ORDER
         -against-                         20-CV-1113(JS)(AKT)

NASSAU COUNTY CORRECTIONAL
FACILITY: MEDICAL,

                    Defendants.
----------------------------------X
```

APPEARANCES
For Plaintiff:      Corey Jessup, pro se
                    2019006968
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

By Memorandum and Order dated April 21, 2020 ("M&O," D.E. 9), the Court denied the application to proceed in forma pauperis of incarcerated pro se plaintiff Corey Jessup ("Plaintiff") without prejudice and with leave to renew upon completion of the AO 239 Long Form in forma pauperis application ("Long Form") within thirty (30) days from the date of the M&O. On May 6, 2020, Plaintiff timely filed the Long Form in forma pauperis application. (IFP, D.E. 11.) Upon review, the Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. Accordingly, the application to proceed in forma pauperis is

GRANTED. However, for the reasons that follow, the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b) and with leave to file an Amended Complaint against a proper defendant in accordance with this Order.

## BACKGROUND[1]

On February 24, 2020, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Center: Medical ("the Jail" or "Defendant"). (Compl., D.E. 1.) On March 4, 2020, Plaintiff filed another copy of the Complaint. (Compl., D.E. 8.) Plaintiff's handwritten Complaints are submitted on the Court's Section 1983 complaint form and are largely the same. (See Compls., D.E. 1, 8.) Plaintiff generally complains about the conditions of his confinement at the Jail as well as the adequacy of the medical treatment provided to him. In its entirety, Plaintiff's Statement of Claim alleges:[2]

> In E2-1 housing unit where mold is in the shower, lead paid is chip throughout the unit, fungous in my cell that on the vents. This is an on-going matter from the

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Complaints are reproduced here exactly as they appear in the original. Errors in spelling, grammar & punctuation have not been corrected or noted.

> day I arrived on E2-a, Dec. 31st 2019. Bacteria, chip lead paint, fungous & mold is what I inhale everyday an night from the vent in my cell to the walls in the shower where top floor showers leak to bottom shower when in use. Mop bucket in middle of dorm floor to catch rain when it rain. Where is the Nassau County Officer's sit in the bubble with a "air purifier" that gives them fresh air 24/7 were my life is in danger from toxic effect that medical, Nassau County Jail & Sheriff as a whole were they are not fulfilling there obligation to "keep me and my health safe" while in there care, custody, & control.

(Compls. at 3-4.) In the space on the form that calls for a description of any injuries, Plaintiff wrote:

> Inadequate health care, neglect the request of my sick call when I ask for another "full body examination" from my arrival. Now I suffer with bumps under both arm pits, on my buttocks, skin peeling & bumps on the inside of buttock, nuts [indecipherable] treatment: cream.

(Compls. ¶ II.A, at 4.) As a result of the foregoing, Plaintiff seeks to recover a damages award in the sum of one million dollars. Plaintiff also seeks an unspecified sum to pay for his medical bills. (Compls. ¶ III.)

## DISCUSSION

I.  <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's Long Form <u>in forma pauperis</u> application, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer

4

possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A.  Claims against the Jail

Plaintiff names the Jail as the sole Defendant. Plaintiff's Section 1983 claims against the Jail are not plausible

5

because it does not have an independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Lukes v. Nassau Cty. Jail, 2012 WL 1965663, *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Hawkins v. Nassau Cty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011).

Thus, Plaintiff's Section 1983 claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Given Plaintiff's pro se status, the Court has considered whether the Complaint alleges a plausible claim when construed as against the municipality, Nassau County. For the reasons that follow, the Court finds that he has not.

B.   Claims as construed against Nassau County

It is well-established that a municipality cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury,

542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury."  Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the

7

constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, Plaintiff fails to plead any factual allegations from which the Court may infer that the conduct of which Plaintiff complains of was caused by a policy or custom of Nassau County. Accordingly, even when construed as against Nassau County, the Complaint does not allege a plausible Section 1983 claim.

C. Leave To Amend

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of N.Y., 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted). If Plaintiff wishes to

8

bring a claim against a Defendant and he does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual including his or her title and the place of employment.  Further, for each Defendant named, Plaintiff should include a brief description of what each Defendant did or failed to do, and how those acts or omissions caused Plaintiff injury.

Plaintiff's Amended Complaint must be labeled as an "Amended Complaint," bear the same docket number as this Order, 20-CV-1113, and must be filed within sixty (60) days from the date of this Order.  Plaintiff is advised that an Amended Complaint **completely replaces** the previous Complaints.  Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Amended Complaint.  If Plaintiff does not file an Amended Complaint within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's claims against the Jail are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1).

Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT in accordance with this Order.  The Amended Complaint must be labeled as "Amended Complaint," bear the same docket number as

9

this Order, 20-CV-1113, and must be filed within sixty (60) days from the date of this Order.  Plaintiff is advised that an Amended Complaint **completely replaces** the previous Complaints.  Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Amended Complaint.  If Plaintiff does not file an Amended Complaint within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at his last known address.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:  May   15  , 2020
        Central Islip, New York