UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
COREY JESSUP,

                    Plaintiff,

                                        MEMORANDUM & ORDER
          -against-                     20-CV-1113(JS)(AKT)

NASSAU COUNTY SHERIFF DEPARTMENT,
NASSAU COUNTY MEDICAL, and
NASSAU COUNTY WORKERS,

                    Defendants.
---------------------------------X
APPEARANCES
For Plaintiff:      Corey Jessup, pro se
                    2019006968
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11554

For Defendants:     No appearances.

SEYBERT, District Judge:

          By Memorandum and Order dated May 15, 2020, the Court
granted incarcerated pro se plaintiff Corey Jessup's ("Plaintiff")
application to proceed in forma pauperis, sua sponte dismissed the
Complaint in its entirety pursuant to 28 U.S.C. §§
1915(e)(2)(B)(ii) and 1915A(b), and granted leave to file an
Amended Complaint. ("Order," ECF No. 12.) On August 24, 2020,
Plaintiff filed an Amended Complaint. (Am. Compl., ECF No. 14.)
For the reasons that follow, the Court finds that the Amended
Complaint fails to allege plausible claim for relief and is
therefore DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),
1915A(b).

BACKGROUND[1]

I.   Procedural History

On February 24, 2020, Plaintiff initiated this action against the Nassau County Correctional Center: Medical ("the Jail") pursuant to 42 U.S.C. § 1983 ("Section 1983").[2]  (Compl., ECF No. 1.)  Plaintiff generally complained about the conditions of confinement at the Jail and the adequacy of medical treatment provided.  In the Order, the Court dismissed the claims against the Jail, the sole Defendant, because it has no independent legal identity.  (See Order at 5-6.)  Given Plaintiff's pro se status, the Court considered whether the Complaint alleged a plausible claim against the municipality, Nassau County, and found that it did not.  (Id. at 6-8.)  Accordingly, the Court dismissed the Complaint and granted Plaintiff leave to file an Amended Complaint in accordance with the guidance set forth in the Order. Specifically, the Court instructed:

> If Plaintiff wishes to bring a claim against
> a Defendant and he does not know the name of
> the individual, he may identify each of them
> as John or Jane Doe, and to the best of his
> ability describe each individual including his
> or her title and the place of employment.
> Further, for each Defendant named, Plaintiff
> should include a brief description of what

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order.  Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998).

[2] On March 4, 2020, Plaintiff filed a separate, hand-written copy of the Complaint.  (Duplicate Compl., ECF No. 8.)

>           each Defendant did or failed to do, and how
>           those acts or omissions caused Plaintiff
>           injury.

(Id. at 8-9.)   Plaintiff was also "advised that an Amended

Complaint **completely replaces** the previous Complaints.  Therefore,

Plaintiff must include all allegations he wishes to pursue against

any Defendant(s) in the Amended Complaint."  (Order at 9 (emphasis

in original).)  After granting Plaintiff additional time (see July

27, 2020 Elec. Order), Plaintiff filed the Amended Complaint.

II.   The Amended Complaint

       Plaintiff's Amended Complaint names "Nassau County

Medical," the "Nassau County Sheriff Department" (the "Sheriff's

Department"), and "Nassau County Workers" as Defendants.  (See Am.

Compl. at 1.[3])  Plaintiff again complains about the Jail's

conditions and the adequacy of the medical treatment provided.

Plaintiff alleges that the Jail has "mold, fungus, mildew, chip

lead paint & bacteria."  (Id.)  Plaintiff also complains that the

roof leaks when it rains and water leaks into his cell. (Id. at

3.)

       Plaintiff further states that he has not received "the

proper treatment for [his] epilepsy seizure disorder an[d] right

shoulder for more than three months."  (Id. at 2.)  Plaintiff also

---

[3] Plaintiff's Amended Complaint does not contain page numbers or
paragraphs.  The Court refers to the page numbers generated by the
Electronic Case Filing ("ECF") system.

alleges that his request for a "one on one" meeting with a doctor was denied and, in light of the spread of COVID-19, he received a verbal consultation and not an examination at the medical department. (Id. at 2.) Plaintiff alleges that, given his prior diagnosis of asthma and epilepsy, he should have had an "EEG, CT, blood levels [sic], or nueroligist [sic] test." (Id. at 2.) Plaintiff further alleges that although he was prescribed physical therapy for his shoulder three times per week, he has only been provided physical therapy one day per week. (Id. at 5, 7.) As a result, Plaintiff alleges that he has suffered a deprivation of his Eighth Amendment rights. (Id. at 7; see generally Am. Compl.)

## DISCUSSION

### I.   Legal Standards

Courts are obliged to liberally construe the pleadings of a pro se plaintiff. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); See Harris v. Miller, 818 F.3d 49, 57 (2d Cir. 2016). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The

plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Moreover, under 28 U.S.C. § 1915, the Court must dismiss an in forma pauperis action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under sections 1915 and 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

## II. The Section 1983 Claims

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at

least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cnty. of Suffolk, No. 07-CV-2738, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A.   Claims against the Jail and the Sheriff's Department

In the Amended Complaint, Plaintiff again names the Jail and the Sheriff's Department as defendants.   However, in the Order, the Court dismissed the Section 1983 claims against the Jail with prejudice because "[i]t is well-established that 'under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" (Order at 6 (quoting Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) and collecting cases).)   This reasoning extends to the Sheriff's Department.   See London v. Nassau Cnty. Corr. Facility, No. 20-CV-01991, 2020 WL 5052688, at *3 (E.D.N.Y. Aug. 27, 2020).   Accordingly, Plaintiff's Section 1983 claims against the Jail and the Sheriff's Department are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b).

B. Claims against Nassau County

Even if the Court were to liberally construe the claims against the municipality, Nassau County, Plaintiff fails to allege

a plausible claim for relief.  It is well-established that a municipality cannot be held liable under Section 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show that "the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell, 436 U.S. at 690-91).  "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels."  Monell, 436 U.S. at 690-691 (internal citation omitted).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with

the municipal employees.
Brandon v. City of New York, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).  "Moreover, a plaintiff must also establish a causal link between the municipality's policy, custom, or practice and the alleged constitutional injury."  Lopes v. Westchester Cnty., No. 18-CV-8205, 2020 WL 7029002, at *11 (S.D.N.Y. Nov. 30, 2020) (citations omitted).

Here, Plaintiff's Monell claim against Nassau county, to the extent alleged, fails for substantially similar reasons as stated in the Order.  (See Order at 6-8.)  Indeed, Plaintiff fails to plead any factual allegations from which the Court may infer that the conduct of which he complains of was caused by a Nassau County policy or custom.  Accordingly, when construed against Nassau County, the Complaint does not allege a plausible cause of action and the claims are DISMISSED without prejudice.

C. Claims against the "Nassau County Workers"

Plaintiff also names "Nassau County Workers" as a defendant.  However, wholly absent from the Amended Complaint are any factual allegations of conduct or inaction attributable to any individual worker.  Further, Plaintiff's sparse allegations do not sufficiently describe any individual that he claims is liable for the alleged constitutional violations.  Therefore, Plaintiff's claims against the "Nassau County Workers" are accordingly DISMISSED WITHOUT PREJUDICE.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii),

1915A(b)(1); see also FED. R. CIV. P. 8.

III. Leave to Amend

      Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." A liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).

      The Court grants Plaintiff one final opportunity to file a Second Amended Complaint. Plaintiff's Second Amended Complaint must be labeled "Second Amended Complaint," bear the same docket number as this Order, 20-CV-1113, and **must be filed within sixty (60) days from the date of this Order**. Plaintiff is advised that the Second Amended Complaint **completely replaces** the previous Complaints. Therefore, Plaintiff must include all allegations he wishes to pursue against any Defendant(s) in the Second Amended Complaint.

      If Plaintiff wishes to bring a claim against a Defendant and he does not know the name of the individual, he may identify each of them as John or Jane Doe, and to the best of his ability describe each individual including his or her title and the place of employment. Further, for each Defendant named, Plaintiff should include a brief description of what each Defendant did or failed to do, and how those acts or omissions caused Plaintiff

injury.

        If Plaintiff does not file a Second Amended Complaint within the time allowed, judgement shall enter without further notice and this case will be marked CLOSED.

CONCLUSION

        For the reasons set forth above, the Amended Complaint is sua sponte DISMISSED, Plaintiff's claims against the Jail and the Sheriff's Department are DISMISSED WITH PREJUDICE, Plaintiff's claims against Nassau County and the "Nassau County Workers" are DISMISSED WITHOUT PREJUDICE.  Plaintiff is GRANTED LEAVE TO FILE A SECOND AMENDED COMPLAINT within sixty (60) days and in accordance with this Order.

        The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

        The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff at his last known address.

                                SO ORDERED.

                                _/s/ JOANNA SEYBERT_____
                                JOANNA SEYBERT, U.S.D.J.

Dated:  December _29_ , 2020
        Central Islip, New York